HAROLD REITEMEYER, petitioner-appellant,

*v.*

MAE REITEMEYER, defendant-respondent.

[Submitted May term, 1947. Decided September 12th, 1947.]

*Mr. James L. Moran (Mr. Ralph V. Mancini, of counsel),* for the petitioner-appellant.

*Messrs. Geltzeiler & Honigfeld (Mr. Abraham L. Honigfeld, of counsel),* for the defendant-respondent.

The opinion of the court was delivered by

WACHENFELD, J.

This is purely a factual case and the inquiry is whether or not the proof sustains the findings of the Advisory Master below, who determined that the appellant committed adultery and was guilty of desertion as alleged in the respondent's counter-claim. The appeal is taken from a decree to this effect.

The parties had been married for about fifteen years and their matrimonial difficulties began in July of 1942. If the testimony of the wife is to be believed, the husband's conduct was abominable. He not only committed adultery but

bragged about it in her presence. Even under these circumstances the wife attempted unsuccessfully on several occasions to seek a reconciliation.

Her brother paid a visit to her after learning of the matrimonial rift, and when inquiry was made of the husband in reference to it, he flew into a rage and stalked out of the house. Hysteria seized the wife and she went with her brother for a rest for two weeks. When she returned her husband was gone. She remained there approximately six weeks, then gave up her home and established her residence with her cousin, Mrs. Lockwood.

The testimony indicates that for two years thereafter she did not see nor hear from her husband and he made no attempt to visit her or to bring about a reconciliation. Thereafter she instituted an action for separate maintenance, alleging abandonment, in which it was found that she had not sustained the burden of legal proof. Subsequently she received in the mail a letter addressed to Mr. and Mrs. Harold Reitemeyer, in the form of a prospectus or advertisement from a hotel in Wildwood, giving room rates, location and other diverse information. This brought about an investigation which resulted in the testimony being submitted, as it was, to the court below.

Frank Minothy testified he was the owner of the Ocean Manor Apartments and on·Sunday, July 18th, 1942, Reitemeyer and a woman rented from him an apartment for one week and that the husband introduced this woman as his wife and was registered as "Mr. and Mrs. Reitemeyer." He also testified that the woman was not the respondent and he likewise said that the woman was not the husband's sister, Mrs. DeBella, who the husband testified was the woman with him while he was in Wildwood. The witness was certain that she was "altogether different" from Mrs. DeBella. The witness further stated that the apartment had but one bed; that he saw this man and woman together during the entire week; that they occupied the apartment and were the only ones to occupy it.

Any doubt as to the truth of these allegations is quickly dispelled by an examination of the testimony and the admis-

sions of the husband that he did occupy an apartment at 314 Roberts Avenue, Wildwood, during the time specified. His explanation, however, is that the woman who was with him was his sister, Mrs. DeBella, who confirmed his testimony. The Advisory Master did not believe her. In this we concur. Mrs. DeBella was 48 years old and a grandmother, having a daughter 29 and a son 28 years of age.

The testimony submitted on behalf of the wife, plus the admissions made by the husband and all the surrounding facts and circumstances, permits one to reach the conclusion to a degree of moral certainty that the husband committed adultery at the time and place indicated, with a woman unknown and unidentified. The evidence is convincing and of a character to leave the court free of any doubt. Its probative quality is such that it decidedly supports the charge of adultery made. *Lotz* v. *Lotz, 129 N. J. Eq. 476.*

There may be some question as to the proof of desertion but this becomes immaterial in view of our conclusions. The admission of the testimony complained of occurred in most instances because no objection was made thereto. There was no reversible error in this respect.

The decree below will be affirmed.

The respondent requests this court to suppress and expunge from the record the briefs filed by counsel for the appellant because they are impertinent, scandalous and contemptuous and reflect both upon the Chancellor and the Advisory Master who sat below. Without repeating or discussing them, we are in accord with this suggestion. The motives and the conduct of the Advisory Master are impugned without justification, in a manner which should not be permitted to become part of the court record. The appellant's briefs are therefore stricken from the files of this court and are not to become a matter of record.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McGEEHAN, McLEAN, SCHETTINO, JJ. 14.

*For reversal*—None.